IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELEKTA LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No 16-082 (RGA) |
| | ) |
| VARIAN MEDICAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**OPENING BRIEF IN SUPPORT OF**
**VARIAN MEDICAL SYSTEMS, INC.'S MOTION TO DISMISS**

OF COUNSEL:

Sean S. Pak
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Victoria F. Maroulis
Yury Kapgan
Mark Tung
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Michael L. Niu
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Ave., 22nd Floor
New York, New York 10010
(212) 849-7000

March 25, 2016

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Varian Medical Systems, Inc.*

# **TABLE OF CONTENTS**

|  | **Page** |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 1 |
| LEGAL STANDARDS | 2 |
| ARGUMENT | 4 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
 521 F.3d 1328 (Fed. Cir. 2008) ................................................................................... 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..........................................................................................*passim*

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..........................................................................................*passim*

*Biomedino, LLC v. Waters Techs. Corp.*,
 490 F.3d 946 (Fed. Cir. 2007) ..................................................................................... 9

*Ergo Licensing, LLC v. CareFusion 303, Inc.*,
 673 F.3d 1361 (Fed. Cir. 2012) ................................................................................... 9

*Golod v. Bank of Am. Corp.*,
 403 F. App'x 699 (3d Cir. 2010) ................................................................................. 5

*Hysong v. Encore Energy Partners LP*,
 No. 11-781, 2011 WL 5509100 (D. Del. Nov. 10, 2011) ........................................... 4

*Markman v. Westview Instruments, Inc.*,
 52 F.3d 967 (Fed. Cir. 1995) *aff'd*, 517 U.S. 370 (1996) ........................................... 5

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*,
 No. 15-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015) .............................. 2

*Med. Instrumentation & Diagnostics Corp. v. Elekta AB*,
 344 F.3d 1205 (Fed. Cir. 2003) ................................................................................... 9

*Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*,
 No. 12-282-RGA, 2014 WL 1370038 (D. Del. Apr. 7, 2014) ..................................... 9

*Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*,
 No. 09-022-SLR-MPT, 2009 WL 5184350 (D. Del. Dec. 23, 2009) .......................... 4

*Raindance Techs. Inc. v. 10x Genomics Inc.*,
 No. 15-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016) ............................. 2, 3, 8

*Rembrandt Patent Innovations LLC v. Apple Inc.*,
 No. 14-5093-WHA, 2015 WL 8607390 (N.D. Cal. Dec. 13, 2015) ........................... 3

*Rentrop v. Spectranetics Corp.*,
 550 F.3d 1112 (Fed. Cir. 2008) ........................................................................................... 3

*Santiago v. Warminster Tp.*,
 629 F.3d 121 (3d Cir. 2010) ................................................................................................ 3

## **Rules and Statutes**

35 U.S.C. § 112(f) ............................................................................................................................ 9

Fed. R. Civ. P. 8 ..................................................................................................................... 1, 3, 4

Fed. R. Civ. P. 12 .............................................................................................................................1

Fed. R. Civ. P. 84 ......................................................................................................................... 2, 3

# NATURE AND STAGE OF PROCEEDINGS

On February 12, 2016, Plaintiff Elekta Ltd. ("Elekta") filed its Complaint against Defendant Varian Medical Systems, Inc. ("Varian") for infringement of U.S. Patent No. 7,961,843 (the "'843 patent" or "Asserted Patent"). D.I. 1 (the "Complaint" or "Compl."). In lieu of answering, Varian moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (the "Motion").

# SUMMARY OF ARGUMENT

Elekta's Complaint should be dismissed in its entirety because it fails to sufficiently state a plausible claim for relief as required by Rule 8, *Twombly* and *Iqbal*. The Complaint merely recites the language of the asserted claims to support its allegation that the Accused Products infringe the '843 patent and fails to set forth any facts that make infringement plausible.

# STATEMENT OF FACTS

The Complaint alleges that "Varian makes, uses, sells, and offers to sell in the U.S. products that infringe one or more claims of the '843 patent." Compl. ¶ 11. The Complaint identifies Varian's radiation therapy devices used to treat cancer, namely TrueBeam, VitalBeam and RapidArc (the "Accused Products"), as infringing "at least" claims 1, 6 and 7 of the '843 patent (the "Asserted Claims"). Compl. ¶¶ 11, 21. For support, the Complaint simply copies the language of each claim. For example, the Complaint concludes that TrueBeam and VitalBeam infringe claim 1 of the '843 patent because "each includes:"

> a. A radiotherapeutic apparatus with a source able to emit a beam of therapeutic radiation along a beam axis;
>
> b. A source that is rotatable about a rotation axis that is substantially orthogonal to and intersects with the beam axis to describe an arc around the rotation axis;
>
> c. A multi-leaf collimator ("MLC") arranged to collimate the beam to a desired shape;

     d. A controller able to control (i) the dose/time rate of the source, (ii) rotation speed of the source, and (iii) a position of the multi-leaf collimator;

     e. Where the controller is arranged to receive a treatment plan in which the arc is divided into a plurality of arc-segments, and the treatment plan specifies a total dose for an arc-segment and start and end MLC positions;

     f. Where the controller is arranged to control the source in accordance with the treatment plan over each arc-segment by calculating the total time required for the arc-segment for a plurality of factors, including (i) MLC leaf movement from a prescribed position at the start of the arc-segment to a prescribed position at the end of the arc-segment, at a maximum leaf speed; (ii) rotation of the source from the start to the end of the arc-segment at a maximum source rotation speed; and (iii) delivery of the dose at a maximum dose rate per time; and

     g. Where the controller can select a factor that dictates a longest time, and control the Accused Product so that this factor operates at its respective maximum and the remaining factors are operated at a reduced rate selected to match the longest time."

Compl. ¶ 22; *compare with* D.I. 1-1 (copy of the '843 patent) at 9:20-48.

Elekta's other conclusions follow the same pattern. Compl. ¶¶ 12, 14 (reciting the "control means" claim language of Claims 1 and 7); Compl. ¶ 25 (reciting the language of claim 6 of the '843 patent to establish infringement thereof by TrueBeam and VitalBeam with 4pi Technology); *id.* ¶ 28 (reciting the language of claim 7 of the '843 patent to establish infringement thereof by RapidArc).

## LEGAL STANDARDS

On December 1, 2015, Rule 84 and Form 18 were abrogated from the Federal Rules of Civil Procedure. *Raindance Techs. Inc. v. 10x Genomics Inc.*, No. 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016); *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, No. 15-438-LPS-CJB, 2015 WL 7833206, at *2 n.1 (D. Del. Dec. 3, 2015). "Under the new rules, allegations of direct infringement will be subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a 'plausible claim for relief.'" *Mayne*,

2015 WL 7833206, at *2 n.1; *see also Raindance*, 2016 WL 927143, at *2 (testing patent infringement pleading "[u]nder existing standards, that is, *Iqbal* and *Twombly*"); *Rembrandt Patent Innovations LLC v. Apple Inc.*, No. 14-5093-WHA, 2015 WL 8607390, at *2 (N.D. Cal. Dec. 13, 2015) ("Rule 84 has been abrogated, so [a case relying on Rule 84 and Form 18] no longer applies.").

Under Fed. R. Civ. P. 8(a)(2) and *Twombly*, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept a plaintiff's factual allegations as true, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions. Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice . . . . [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Interpretations of *Twombly* among the courts of the Third Circuit are also relevant to the Motion because "[t]he Federal Circuit defers to the law of the regional circuits on matters of procedural law that do not implicate issues of patent law." *Rentrop v. Spectranetics Corp.*, 550 F.3d 1112, 1118 (Fed. Cir. 2008) (internal quotation marks omitted). In non-patent contexts, courts in the Third Circuit have consistently held that "facts" which merely parrot descriptive elements of a claim do not meet the *Twombly* standard. *See*, *e.g.*, *Santiago v. Warminster Tp.*, 629 F.3d 121, 132 (3d Cir. 2010) (dismissing supervisory liability claim because plaintiff provided "nothing more than a formulaic recitation of the elements of a supervisory liability

claim."); *Hysong v. Encore Energy Partners LP*, No. 11-781, 2011 WL 5509100, at *7 (D. Del. Nov. 10, 2011) (dismissing claim where plaintiff gave "nothing more than a threadbare recital of the elements of a cause of action, supported by mere conclusory statements") (internal quotation marks and alterations omitted); *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, No. 09-022-SLR-MPT, 2009 WL 5184350, at *6 (D. Del. Dec. 23, 2009) (finding failure to establish general jurisdiction where plaintiff failed to allege personal jurisdiction and "merely recite[d] the elements of [Delaware's long-arm statute] as its factual basis").

**ARGUMENT**

The Complaint asserts a single cause of action: that the Accused Products (Varian's TrueBeam, VitalBeam and RapidArc) infringe at least the Asserted Claims (claims 1, 6 and 7) of the '843 patent. However, the Complaint sets forth no facts making infringement plausible and does nothing to explain *how* the Accused Products infringe the Asserted Claims. Instead, the Complaint repeatedly concludes that the Accused Products embody or practice limitations of the Asserted Claims by merely referencing the Accused Products and then reciting the language of the claims. This style of pleading is precisely the kind deemed deficient by *Twombly* and *Iqbal* and their progeny.

*Twombly* established that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In accordance with *Twombly*, the threshold requirement of Rule 8(a)(2) requires that a pleading "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557. Although courts must accept a plaintiff's factual allegations as true at the pleading stage, that tenet "inapplicable to legal conclusions [and] [t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (2009). When testing the sufficiency of a pleading: "(1) a court must ignore legal conclusions and (2) consider only those

allegations entitled to a presumption of truth to determine whether 'they plausibly give rise to an entitlement to relief.'" *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010).

These principles have been commonly applied to statutory and common law causes of action. *See Iqbal*, 556 U.S. at 681 ("These bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim."). The same principles apply to the patent infringement context as well. Indeed, it is well-established that patent claim interpretation is analogous to statutory interpretation. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 987 (Fed. Cir. 1995) (highlighting substantial similarities between patent interpretation to statutory interpretation) *aff'd*, 517 U.S. 370 (1996).

Just as a statutory violation must be pleaded with facts showing that a defendant's conduct plausibly meets the language of the asserted statute, a claim for patent infringement should be pleaded with facts showing that a defendant's products (or actions) plausibly meet the language of the asserted claims. Proclaiming that an accused product meets limitations of an asserted patent and thereby infringes is merely a legal conclusion that should be ignored for the purposes of testing a pleading. A patentee may not disregard *Twombly*'s central holding that "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555. If a plaintiff can simply copy and paste or paraphrase claim limitations in a complaint and then conclude that the limitations are satisfied by the accused product, the allegations will provide no more of a basis for the factual plausibility of the infringement allegations than Form 18; and *Twombly* will not have been given effect.

Elekta's Complaint ignores *Twombly* and follows the Form 18 tradition. Despite stating in paragraph 21 that the "following paragraphs" would detail Varian's infringement of the Asserted Claims, the paragraphs following paragraph 21 virtually mirror the language of the

claims themselves, without reciting *any* facts that make plausible that the Accused Products actually meet the claim limitations. For example, paragraph 22 has a multi-part list of factors that purportedly shows "Varian's TrueBeam and VitalBeam meet the limitations of—and thus infringe—claim 1." But paragraph 22 simply restates the limitations of claim 1 of the '843 patent, as illustrated in the following table:

| **Compl. ¶ 22** | **'843 patent, Claim 1** |
| --- | --- |
| a. A radiotherapeutic apparatus with a source able to emit a beam of therapeutic radiation along a beam axis; | A radiotherapeutic apparatus comprising: a source able to emit a beam of therapeutic radiation along a beam axis, |
| b. A source that is rotatable about a rotation axis that is substantially orthogonal to and intersects with the beam axis to describe an arc around the rotation axis; | wherein the source is rotatable about a rotation axis that is substantially orthogonal to and intersects with the beam axis thereby to describe an arc around the rotation axis; |
| c. A multi-leaf collimator ("MLC") arranged to collimate the beam to a desired shape; | a multi-leaf collimator arranged to collimate the beam to a desired shape; and |
| d. A controller able to control (i) the dose/time rate of the source, (ii) rotation speed of the source, and (iii) a position of the multi-leaf collimator; | a control means able to control dose/time rate of the source, rotation speed of the source, and a position of the multi-leaf collimator, |
| e. Where the controller is arranged to receive a treatment plan in which the arc is divided into a plurality of arc-segments, and the treatment plan specifies a total dose for an arc-segment and start and end MLC positions; | the control means being arranged to receive a treatment plan in which the arc is divided into a plurality of arc-segments, the treatment plan specifying a total dose for an arc-segment and a start and end MLC position, |
| f. Where the controller is arranged to control the source in accordance with the treatment plan over each arc-segment by calculating the total time required for the arc-segment for a plurality of factors, including (i) MLC leaf movement from a prescribed position at the start of the arc-segment to a prescribed position at the end of the arc-segment, at a maximum leaf speed; (ii) rotation of the source from the start to the end of the arc-segment at a maximum source rotation speed; and (iii) delivery of the dose at a maximum dose rate per time; and | and to control the source in accordance with the treatment plan over the arc-segment by calculating total time required for the arc-segment for a plurality of factors including: i. an MLC leaf movement from a prescribed position at the start of the arc-segment to a prescribed position at the end of the arc-segment, at a maximum leaf speed; ii. rotation of the source from the start to the end of the arc-segment at a maximum source rotation speed; iii. delivery of the dose at a maximum dose rate per time; |

| | |
|---|---|
| g. Where the controller can select a factor that dictates a longest time, and control the Accused Product so that this factor operates at its respective maximum and the remaining factors are operated at a reduced rate selected to match the longest time | the control means being arranged to select a factor dictating a longest time, and control the apparatus so that the selected factor operates at its respective maximum and remaining factors are operated at a reduced rate selected to match the longest time. |

Paragraphs 25 and 28 follow the exact same pattern, simply restating the limitations of claims 6 and 7 respectively. *Compare* Compl. ¶ 25 *with* D.I. 1-1 at 10:8-14; *compare* Compl. ¶ 28 *with* D.I. 1-1 at 10:15-34. These paragraphs contain no facts that make plausible Varian's infringement of the '843 patent, much less "detail" Varian's alleged infringement (as stated in Compl. ¶ 21); they simply state the name of a product and conclude that the product meets all limitations of an asserted claim. They do not, for example, provide factual allegations as to what components of the Accused Products correspond to the generic descriptions in the Complaint or provide any explanation of how the Accused Products perform claimed functions. This style of pleading is impermissible under *Twombly*.

Paragraphs 12 and 14 of Elekta's Complaint are no different; they simply parrot excerpted language from the Asserted Claims in prose. For example, Paragraph 12 states that "TrueBeam and VitalBeam can . . . adjust the rotational speed of the gantry and the delivery dose rate." This simply mirrors the language of one of the limitations of claim 1. *Compare* Compl. ¶ 12 *with* D.I. 1-1 at 9:28-30 ("a control means able to control dose/time rate of the source, rotational speed of the source . . . ."). Paragraph 14 alleges that Varian's "RapidArc uses an algorithm to determine the treatment aperture shape (*i.e.*, beam size), the rotational speed of the gantry, and the delivery dose rate . . . ." Again, this is a recitation of part of claim 7 without any identification of the accused algorithm. *Compare* Compl. ¶ 14 *with* D.I. 1-1 at 10:22-23 ("(ii) a multi-leaf collimator arranged to collimate the beam to a desired shape, and (iii) a control means able to control dose rate of the source, rotation of the source, and the multi-leaf collimator . . .").

Simply stating that some claim limitations can be ascribed to the Accused Products, without more, is the kind of conclusory pleading deemed improper by *Twombly*.

Paragraphs 13 and 14 of the Complaint contain generic statements about the Accused Products that have no clear relationship to the Asserted Claims. For example, paragraph 13 states that TrueBeam with 4pi can, among other things, "fully saturate a targeted tumor . . . minimizing and, where necessary, even eliminating dose to specific organs requiring more protection." Paragraph 14 states that RapidArc "is a major advance from Varian Medical Systems that improves dose conformality while shortening treatment times" and that RapidArc "uses a dynamic multileaf collimator (MLC), variable dose rate, and variable gantry speed to generate . . . dose distributions." The Complaint contains no explanation of how these quoted statements relate to the limitations of any Asserted Claim.

As this Court stated in *Raindance*, where a plaintiff "makes no attempt to relate any of their factual assertions with any of the asserted claims" and merely "quotes various things that Defendant says about the [Accused Product(s)] on its website," the plaintiff has "not plausibly alleged any infringement." 2016 WL 927143, at *1-*3. Unlike the plaintiff's allegations in *Raindance*, Elekta's quotations are not even tied to any particular source. One quote is simply tied to unidentified "promotional materials." Compl. ¶ 14. But even if the quotes were properly sourced, the Complaint fails to offer *any* explanation of how the quotes relate to the Asserted Claims, rendering these allegations "defective." *Raindance*, 2016 WL 927143, at *2.

It is also worth noting that the Asserted Claims have very specific language expressing a means for performing a specific function. *See*, *e.g.*, D.I. 1-1 at 9:28-30 ("a control means able to control dose/time rate of the source, rotation speed of the source, and a position of the multi-leaf collimator . . . ."). To support any plausible claim for infringement, the Complaint should at

least specifically explain how the Accused Products perform the claimed function. Here, the Complaint does not even identify any structure or algorithm described in the patent which are alleged to constitute such means. *See Biomedino, LLC v. Waters Techs. Corp.*, 490 F.3d 946, 948 (Fed. Cir. 2007) (in exchange for the ability to use a generic "means" expression for a claim limitation, a patent applicant "must indicate in the specification what structure constitutes the means"); *Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*, No. 12-282-RGA, 2014 WL 1370038, at *3 (D. Del. Apr. 7, 2014) (where the means is computer-implemented, "the patent must disclose an algorithm for performing the claimed function"); 35 U.S.C. § 112(f) ("An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.").[1]

The Asserted Claims do not themselves identify the structure, or algorithm in the case of a computer-implemented means, corresponding to the claimed function. *See, e.g.*, D.I. 1-1 at 9:28-30 ("a control means able to control dose/time rate of the source, rotation speed of the source, and a position of the multi-leaf collimator . . . ."). And neither does the Complaint. The descriptions in Paragraphs 12 and 14 merely restate the claimed function. *See, e.g.*, Compl. ¶ 12 ("TrueBeam and VitalBeam can . . . adjust the rotational speed of the gantry and the delivery

---

[1] *See also Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1333 (Fed. Cir. 2008) ("In cases involving a computer-implemented invention in which the inventor has invoked means-plus-function claiming, this court has consistently required that the structure disclosed in the specification be more than simply a general purpose computer."); *cf. Ergo Licensing, LLC v. CareFusion 303, Inc.*, 673 F.3d 1361, 1363 (Fed. Cir. 2012) ("Failure to specify the corresponding structure in the specification amounts to impermissible pure functional claiming."); *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1211 (Fed. Cir. 2003) ("The duty of a patentee to clearly link or associate structure with the claimed function is the quid pro quo for allowing the patentee to express the claim in terms of function under section 112, paragraph 6.").

dose rate"). Indeed, the Complaint acknowledges that the Accused Products make use of an algorithm to carry out the claimed function, but fails to specify what algorithm actually infringes the claim. *See* Compl. ¶ 14 ("RapidArc uses an ***algorithm*** to determine the treatment aperture shape (i.e., beam size), the rotational speed of the gantry, and the delivery dose rate to minimize the time of treatment."). These deficiencies in the Complaint, too, are emblematic of Elekta's failure to explain how the Accused Products plausibly meet the language of the Asserted Claims.

Under *Twombly* and *Iqbal*, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading cannot be sustained on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Elekta's Complaint violates these precepts. For these reasons, the Complaint fails to plausibly state a claim for relief and should be dismissed.

## CONCLUSION

The Complaint falls short of the pleading standards required by the federal courts. Varian respectfully requests that its Motion be granted and the Complaint be dismissed.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Jeremy A. Tigan* |
|  |  |
|  | Jack B. Blumenfeld (#1014) |
|  | Jeremy A. Tigan (#5239) |
|  | 1201 North Market Street |
|  | P.O. Box 1347 |
| OF COUNSEL: | Wilmington, DE 19899 |
|  | (302) 658-9200 |
| Sean S. Pak | jblumenfeld@mnat.com |
| QUINN EMANUEL URQUHART & | jtigan@mnat.com |
| SULLIVAN LLP |  |
| 50 California Street, 22nd Floor | *Attorneys for Varian Medical Systems, Inc.* |
| San Francisco, CA 94111 |  |
| (415) 875-6600 |  |

Victoria F. Maroulis
Yury Kapgan
Mark Tung
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Michael L. Niu
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Ave., 22nd Floor
New York, New York 10010
(212) 849-7000

March 25, 2016

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 25, 2016, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu A. Palapura, Esquire<br>Stephanie A. O'Byrne, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David S. Elkins, Esquire<br>Tamara D. Fraizer, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>600 Hansen Way<br>Palo Alto, CA 94304<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Christopher W. Adams, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>2550 M Street, NW<br>Washington, DC 20037<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| John J. Thuermer, Esquire<br>Steven M. Auvil, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>4900 Key Tower<br>127 Public Square<br>Cleveland, OH 44114<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Jeremy A. Tigan*
Jeremy A. Tigan (#5239)