## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELEKTA LTD.,                                           )
                                                       )
       Plaintiff/Counterclaim-Defendant,   )
                                                       )   C.A. No. 16-82-RGA
     v.                                   )
                                                       )   **JURY TRIAL DEMANDED**
VARIAN MEDICAL SYSTEMS, INC.,                          )
                                                       )
       Defendant/Counterclaim-Plaintiff.   )

### STIPULATED PROTECTIVE ORDER

1.   PURPOSES AND LIMITATIONS

       Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from unapproved uses may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the Scheduling Order (D.I. 24), this District's Local Rules and CM/ECF Procedures and any applicable order of this Court set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.   DEFINITIONS

       2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  "CONFIDENTIAL" information or tangible things should include, at a minimum, final technical specifications, user manuals, schematics, and any technical documentation provided to customers for the accused products, and laboratory notebooks, invention disclosures, prototype disclosures and other information of a similar nature relevant to the asserted patents.

2.3     Confidential Source Code:  computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, interpreter, or other translator, including, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL), Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software. Confidential Source Code documents at least include (1) printed documents that contain or would necessarily reveal selected source code components ("printed source code"); (2) electronic communications and descriptive documents, such as emails, design documents, and programming examples, that contain or would necessarily reveal selected source code components ("described source code"); (3) electronic source code documents that reside in a source code repository from which software and related data files may be compiled, assembled, linked, executed, debugged, and/or tested ("source code files"); and (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise would necessarily reveal source code, source code files, and/or the development thereof. Confidential Source Code files include, but are not limited to

2

documents containing source code in "C", "C++", Java, Java scripting languages, assembler languages, command languages, shell language, VHDL, Verilog, and digital signal processor (DSP) programming languages.  Confidential Source Code files may further include "header" files, "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.

2.4    "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items:  Confidential Source Code, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including without limitation Confidential Source Code that is proprietary and/or trade secret.  The Parties' inclusion of provisions in this Protective Order concerning Confidential Source Code shall not be used by any Party to argue that any computer instruction or data definitions should be produced or construed as a concession that source code is discoverable.

2.5    Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.6    Designated In-House Counsel:  In-House Counsel not involved in competitive decision-making who are designated by the parties to have access to "CONFIDENTIAL" Information or Items in this matter, in accordance with Sections 7.2(b) and 7.6(a), below.

2.7    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."

2.8    Disclosure or Discovery Material:  all items or information, regardless of the

3

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.10    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Examples of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information or tangible things include, without limitation, non-public financial information, business and sales strategies, product roadmaps, ongoing research and development, and other information of a similar nature.

2.11    In-House Counsel: attorneys, legal professionals, or IP professionals who are employees of a Party.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13    Outside Counsel of Record: attorneys, legal professionals, or IP professionals who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law

4

firm which has appeared on behalf of that party.

2.14   Party:  any party to this action or an affiliate thereof, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16   Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."

2.18   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial may be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

unnecessarily encumber or retard the case development process or to impose unnecessary

expenses and burdens on other parties) expose the Designating Party to sanctions.

 If it comes to a Designating Party's attention that information or items that it designated

for protection do not qualify for protection at all or do not qualify for the level of protection

initially asserted, that Designating Party must promptly notify all other parties that it is

withdrawing the mistaken designation.

 5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order

(*see, e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

designated before the material is disclosed or produced.

 (a) <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings), designation in

conformity with this Order requires that the Producing Party affix the legend

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"

or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" to each

page that contains protected material.  If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

(*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the

level of protection being asserted.

 A Party or Non-Party that makes original documents or materials available for inspection

need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced.  During the inspection and before the designation, all

of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

      (b)   <u>For testimony given in deposition or in other pretrial or trial proceedings,</u> designation in conformity with this Order requires that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"
or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing
or other proceeding to include Protected Material so that the other parties can ensure that only
authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
(Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition
shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL
– OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE –
OUTSIDE ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page
that the transcript contains Protected Material, and the title page shall be followed by a list of all
pages (including line numbers as appropriate) that have been designated as Protected Material
and the level of protection being asserted by the Designating Party. The Designating Party shall
inform the court reporter of these requirements. Any transcript that is prepared before the
expiration of a 21-day period for designation shall be treated during that period as if it had been
designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or
"CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety
unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as
actually designated.

(c)    For information produced in some form other than documentary and for any other
tangible items, designation in conformity with this Order requires that the Producing Party affix
in a prominent place on the exterior of the container or containers in which the information or
item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

9

ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE

ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s)

and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material.  Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is

treated in accordance with the provisions of this Order.

5.4     Non-Party Documents.  In the event that a Non-Party produces documents that

contain Protected Material belonging to either or both Parties, either or both Parties may, within

thirty (30) calendar days of the receipt of documents produced by the third party, designate such

documents as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES

ONLY."

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of

confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without Court intervention, the disputing party shall submit a letter to the Court pursuant to the Scheduling Order (D.I. 24).

The burden of persuasion in any protective order challenge shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

11

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party for the purposes of this litigation only.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13, below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

      (b)    up to two Designated In-House Counsel of the Receiving Party (1) who are not involved in any competitive decision-making for the Receiving Party; (2) to whom disclosure is reasonably necessary; (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (4) as to whom the procedures set forth in Section 7.6(a)(1), below, have been followed; and (5) provided that "CONFIDENTIAL" Information or Items are only ever disclosed to Designated In-House Counsel individuals in accordance with Section 2.6, above.

      (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    mock jurors and other necessary staff for conducting a mock trial or similar proceeding related to this litigation, provided that all such mock jurors and staff sign and agree to be bound to an appropriate confidentiality agreement prohibiting disclosure and use of such materials outside of any mock jury exercise;

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.6(a)(2), below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Notwithstanding the above, no Outside Counsel, expert witness, or consultant who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Receiving Party shall have access to a Designating Party's material designated with the label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

7.4     Disclosure of "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

(b)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Sections 7.5 and 7.6(a)(2), below, have been followed;

(c)      the Court and its personnel;

(d)      Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Notwithstanding the above, no Outside Counsel, expert witness, or consultant who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Receiving Party shall have access to a Designating Party's material designated with the label "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."

7.5      Protection of Source Code.  Documents and things produced during the course of this litigation designated with the label "CONFIDENTIAL SOURCE CODE—OUTSIDE ATTORNEYS' EYES ONLY" shall be protected in accordance with this Protective Order, subject to additional protections provided in this District's Default Standard for Access to Source Code, or as otherwise agreed to by the Parties.  Nothing in this Protective Order shall obligate the parties to produce any Confidential Source Code or act as an admission that any particular Confidential Source Code is discoverable.

7.6      Procedures for Approving or Objecting to Disclosure to Designated In-House Counsel or Experts.

15

(a)    <u>Disclosure of Protected Material Information or Items.</u>

(1)    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to designate an individual as Designated In-House Counsel (as defined in and consistent with this order) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated In-House Counsel and the city, state or district, and country of his or her residence, (2) certifies that the Designated In-House Counsel is not involved in competitive decision-making, and (3) describes the Designated In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if disclosure may be objectionable according to the terms of this order.

(2)    <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.</u>  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to designate an individual as an Expert (as defined in and consistent with this Order) must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for

16

work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)      A Party that makes a request and provides the information specified in the preceding respective Sections may disclose appropriate Protected Material to the identified Designated In-House Counsel or Expert after 14 days unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the parties shall seek relief pursuant to the procedure set forth in Paragraph 2(f) of the Scheduling Order (D.I. 24).

Any subsequent letter seeking relief must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated In-House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such letter must be accompanied by a competent declaration setting forth the reasons advanced by the Designating Party for its refusal to approve disclosure, unless no reasons have been given.

In any such dispute, the Party opposing disclosure to Designated In-House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

(under the safeguards proposed) outweighs the Receiving Party's need to disclose Protected Material to its Designated In-House Counsel or Expert.

(d)     A Party may not object to disclosure to identified Designated In-House Counsel or Experts beyond the 14 day period in Section 7.6(b) unless the Party becomes aware of new information or circumstances that give good cause for objection.

7.7     Redaction of Non-Public Financial Information and Confidential Source Code.

Designated In-House Counsel shall not have access to non-public financial information or Confidential Source Code of Parties or Non-Parties. "CONFIDENTIAL" Information or Items containing non-public financial information or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items may only be disclosed to Designated In-House Counsel if (i) all the requirements of Sections 7.2(b) and 7.6 have been otherwise met; (ii) all non-public financial information and Confidential Source Code is redacted; and (iii) the Designating Party is given up to fourteen (14) days to review and object to the redacted information or items to be disclosed (failure to object after three days will be considered approval of the disclosure). In the event that the parties are unable to reach agreement under this Section, disputed designations must be resolved pursuant to Section 6, above.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY," that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

19

this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

        When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

provision is not intended to modify whatever procedure may be established in an e-discovery

order that provides for production without prior privilege review.  Pursuant to Federal Rule of

Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product

protection, the parties may incorporate any later agreement in this Stipulated Protective Order.

12.     MISCELLANEOUS

        12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

seek its modification by the Court in the future.

        12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material

covered by this Protective Order.

        12.3    Export Control.  Disclosure of Protected Material shall be subject to all applicable

laws and regulations relating to the export of technical data contained in such Protected Material,

21

including the release of such technical data to foreign persons or nationals in the United States or

elsewhere. The Producing Party shall be responsible for identifying any such controlled

technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4   Filing Protected Material.   Without written permission from the Designating Party

or a court order secured after appropriate notice to all interested persons, a Party may not file in

the public record in this action any Protected Material. A Party that seeks to file under seal any

Protected Material must comply with the Scheduling Order (D.I. 24), this District's Local Rules

and CM/ECF Procedures and any applicable order of this Court.

12.5   Other Proceedings.   By entering this order and limiting the disclosure of

information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or party

subject to this order who becomes subject to a motion to disclose another party's information

designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES

ONLY" pursuant to this order shall promptly notify that party of the motion so that the party

may have an opportunity to appear and be heard on whether that information should be

disclosed.

13.   FINAL DISPOSITION

(a)   Within 60 days after the final disposition of this action, as defined in Section 4,

each Receiving Party must return all Protected Material to the Producing Party or destroy such

material. As used in this Section, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

(b)      Information designated "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" must be returned to the Producing Party, and each Expert who had access to such materials must sign a declaration that shall be sent to the Producing Party certifying that:

(1)      to the best of that person's knowledge, all such materials have been returned to the Producing Party; and

(2)      every copy, whether whole or partial, of such materials that exists in electronic, magnetic, or other machine-readable form has been permanently deleted.

(c)      Notwithstanding Section 13(a), Counsel are entitled to retain an archival copy of all pleadings, discovery responses, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

*      *      *      *      *

23

POTTER ANDERSON & CORROON LLP

By:   */s/ Bindu A. Palapura*
     David E. Moore (#3983)
     Bindu A. Palapura (#5370)
     Stephanie E. O'Byrne (#4446)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE 19801
     Tel: (302) 984-6000
     dmoore@potteranderson.com
     bpalapura@potteranderson.com
     sobyrne@potteranderson.com

OF COUNSEL:

David S. Elkins
Tamara D. Fraizer
SQUIRE PATTON BOGGS (US) LLP
620 Hansen Way
Palo Alto, CA 94304
Tel: (650) 856-6500

Christopher W. Adams
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Tel: (202) 457-6000

John J. Thuermer
Steven M. Auvil
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114
Tel: (216) 479-8500

*Attorneys for Plaintiff and Counterclaim-Defendant Elekta Limited*

Dated: August 8, 2016
1230873/43078

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:   */s/ Jeremy A. Tigan*
     Jack Blumenfeld (#1014)
     Jeremy A. Tigan (#5239)
     1201 North Market Street
     P. O. Box 1347
     Wilmington, DE 19899
     Tel: (302) 658-9200
     jblumenfeld@mnat.com
     jtigan@mnat.com

OF COUNSEL:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak
Sam Stake
Brian E. Mack
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600

Victoria F. Maroulis
Yury Kapgan
Mark Tung
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000

Michael L. Niu
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Joseph A. Greco
BECK, BISMONTE, & FINLEY LLP
150 Almaden Boulevard, 10th Floor
San Jose, CA 95113
Tel: (408) 938-7900

*Attorneys for Defendant Varian Medical Systems, Inc.*

IT IS SO ORDERED, this ___9th___ day of _August_ , 2016.

_Richard G. Andrews_
United States District Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the District of Delaware

in the case of *Elekta Limited v. Varian Medical Systems, Inc.*, C.A. No. 1:16-cv-00082-RGA.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name]

of _____

[print or type full address and telephone number] as my agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____