IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELEKTA LTD., | ) |
| | ) |
| Plaintiff and | ) |
| Counterclaim Defendant, | ) |
| | ) C.A. No. 1:16-cv-82 (RGA) |
| v. | ) |
| | ) |
| VARIAN MEDICAL SYSTEMS, INC., | ) |
| | ) |
| Defendant and | ) |
| Counterclaimant. | |

## SUPPLEMENTAL PROTECTIVE ORDER REGARDING SOURCE CODE

WHEREAS, the parties previously entered into a Stipulated Protective Order (D.I. 41) ("Protective Order"), which provides for the production and inspection of Source Code in the above-captioned action (the "Action");

WHEREAS, the parties have discussed and agreed on the following additional provisions regarding the inspection of Source Code in this Action;

WHEREAS, the parties agree that the provisions in this Supplemental Protective Order shall replace the provisions of the District of Delaware's Default Standard for Access to Source Code ("Default Standard"), which shall not otherwise apply to this Action;

SUBJECT TO THE COURT'S APPROVAL, IT IS HEREBY STIPULATED AND AGREED, by and among the parties, through their undersigned counsel, as follows:

1. **Definitions.** The definitions from the Protective Order (D.I. 41 § 2) are incorporated by reference. In particular, "**Source Code**" means "Confidential Source Code" as defined in paragraph 2.3 of the Protective Order.

2.  **Source Code Computer.** A single electronic copy of Source Code shall be made available for inspection on a stand-alone computer (that is, the computer may not be linked to any network, including a local area network ("LAN")) that is password protected (the "Source Code Computer"). The Source Code Computer shall include a functioning keyboard, a functioning mouse, two monitors, and software utilities allowing the Receiving Party to view, search, and analyze the Source Code. At a minimum, these utilities must provide the Receiving Party with the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, and (c) compare two files and display their difference. The Producing Party will produce the Source Code Material as kept in the normal course of business on the Source Code Computer.

3.  **Location.** The Producing Party shall provide and maintain the Source Code Computer at one of the offices of its Outside Counsel of Record in either the San Francisco Bay area or the Washington D.C. area, or at such other location as the Producing Party and the Receiving Party agree. The Producing Party shall bear the costs of hosting the inspection of Source Code.

4.  **Access.** Access to the Source Code Computer shall be permitted only to persons satisfying the requirements set forth in the Protective Order for disclosure of Source Code ("Reviewer") after notice to the Producing Party and its opportunity to object as provided in the Protective Order. The Producing Party shall provide the Receiving Party with sufficient information and/or resources to start, log on to, and operate the stand-alone computer and otherwise access the Source Code.

5.  **Notice of Production.** The Producing Party shall provide notice to the Receiving Party when Source Code is made available for inspection. After the date of this Supplement, any

such notice shall: (a) identify where and when the Source Code will be made available; (b) specifically identify the Source Code being made available, including any applicable names, version numbers, or other identifiers; (c) identify the primary language(s) in which the Source Code being produced is written; and (d) provide the number of Source Code files being made available for inspection. For notice provided prior to the date of this Supplement, and to the extent not already provided, the Producing Party shall provide this information within five (5) business days of the entry by the Court of this Supplemental Protective Order.

6. **Notice of Inspection.** A Receiving Party wishing to inspect Source Code shall provide notice to the Producing Party at least three (3) business days in advance of the proposed inspection. The notice shall include proposed date(s) and time(s) for inspection and the name(s) of the individual(s) conducting the inspection. Any inspection requested should generally be for normal business hours (9 a.m. to 5 p.m. local time); such inspection shall be permitted with proper notice. In the event a Receiving Party requests inspection for outside normal business hours, such request must be made at least five (5) business days in advance of the proposed inspection and the Producing Party shall make reasonable efforts to accommodate such requests, with the caveat that inspection shall not begin earlier than 8:00 a.m. nor end later than 8:00 p.m.

7. **Inspection Safeguards.** No electronic equipment—including without limitation mobile phones, tablets, digital watches, cameras, dictation devices, audio recorders, USB/flash drives, CDs, and hard drives—may be brought into the room where the Source Code Computer is located (the "Source Code Room"). The Producing Party shall provide secure storage for electronics and other articles belonging to the Receiving Party and/or Reviewer. Upon arrival at the hosting location, a Reviewer must identify him/herself and sign in as instructed by personnel

at the hosting location. For clarity, copying, transcribing, photographing or videotaping Source Code in the Source Code Room is expressly prohibited.

8. **Confidentiality of Inspection.** The Producing Party may not monitor or record the activities of any Reviewer(s) during Source Code inspection by any electronic means. The Producing Party may visually monitor the activities of a Reviewer during an inspection from outside the Source Code Room.

9. **Software Utilities.** The Receiving Party may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer. If the Receiving Party makes such a request, it must provide the Producing Party with copies of or access to the software tools (e.g., installation disks or links to executables), including any necessary licenses, at least five (5) business days in advance of the inspection. The Producing Party shall make reasonable efforts to install such tools on the Source Code Computer in advance of a properly noticed inspection. If the Parties cannot agree on the propriety of the Receiving Party's requested review tool, the Providing Party shall provide tools that are sufficient for viewing and searching the Source Code on the platform produced.

10. **Printing of Source Code**. The Receiving Party may, during an inspection, print to a file portions of the Source Code that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused product or otherwise reasonably necessary for this case and refer to them during the inspection. Each day, at the end of the inspection, the Receiving Party shall notify the Producing Party of the portions of the Source Code that the Receiving Party wishes to have printed (if any). Within three (3) business days, the Producing Party shall print such portions, numbering each page and labeling each page as "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY", and send a

complete copy set of such pages to the Receiving Party for next business day delivery. In the alternative, the Producing Party may, within the same three (3) business days, object in writing that the printed portions are excessive and/or not for a permitted purpose, identifying the bases of the objection(s) with reasonable particularity.

        11. **Copies.** The Receiving Party's Outside Counsel of record may make no additional paper or electronic copies of any portions of the printed Source Code. The Receiving Party may request up to five (5) additional copies of printed Source Code from the Producing Party. The Receiving Party may include excerpts of Source Code in any pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts or work product generated in the course of preparing these documents, subject to the terms of the Protective Order. The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. All paper copies of the Source Code shall be returned to the Producing Party if no longer in use (e.g., unmarked and/or spare copies at the conclusion of a deposition, paper copies of draft pleadings or reports, etc.). Within twenty (20) days of a final disposition of this Action, the Receiving Party must return all paper copies of the Source Code to the Producing Party.

        12. **Handling of Copies.** The Receiving Party's Outside Counsel and any person qualified to receive the Source Code under the Protective Order shall maintain and store any copies of the Source Code in a secure locked area or in a manner that prevents unauthorized access to the Source Code. The Receiving Party may also temporarily keep the printouts at: (a) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (c) any intermediate location reasonably necessary to

transport the print outs or a copy thereof (e.g., a hotel prior to a Court proceeding or deposition or a common carrier). If the Receiving Party utilizes a common carrier such as Federal Express or other similarly reliable courier, the common carrier must require a signature for delivery and a tracking number. For avoidance of doubt, an access-restricted location within the facilities of Outside Counsel or a Reviewer, such as a conference room within an access restricted office or a locked drawer or cabinet, shall constitute a secured locked area. Outside Counsel for the Receiving Party with custody of CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY information shall maintain a Source Code log containing the following information: (1) the identity of each person granted access to the CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY information; and (2) the first date on which such access was granted. Outside Counsel for the Receiving Party will produce, upon request, each such Source Code log to the Producing Party within twenty (20) days of a final disposition of this Action. The Receiving Party must also provide, within twenty (20) days of a final disposition of this Action, certifications from each Reviewer other than Outside Counsel (as defined in paragraph 2.13 of the Protective Order) that received or had access to printed Source Code, certifying (1) that all copies of printed Source Code were returned to the Producing Party; and (2) that information gained from the printed Source Code will not be used in any future endeavor.

      13.    **Disputes**. In the event of a dispute, the Parties will meet and confer within five (5) business days of the objection being raised and if they cannot resolve the issue the Parties will raise the issue with the Court.

| | |
|---|---|
| POTTER ANDERSON & CORROON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Bindu A. Palapura* | */s/ Jeremy A. Tigan* |
| David E. Moore (#3983) | Jack B. Blumenfeld (#1014) |
| Bindu A. Palapura (#5370) | Jeremy A. Tigan (#5239) |
| Stephanie E. O'Byrne (#4446) | 1201 North Market Street |
| Hercules Plaza, 6th Floor | P.O. Box 1347 |
| 1313 N. Market Street | Wilmington, DE 19899 |
| Wilmington, DE 19801 | (302) 658-9200 |
| Tel: (302) 984-6000 | jblumenfeld@mnat.com |
| dmoore@potteranderson.com | jtigan@mnat.com |
| bpalapura@potteranderson.com | |
| sobyrne@potteranderson.com | OF COUNSEL: |
| OF COUNSEL: | QUINN EMANUEL URQUHART &SULLIVAN, LLP |
| SQUIRE PATTON BOGGS (US) LLP | Sean S. Pak |
| | Sam Stake |
| David S. Elkins | Brian E. Mack |
| Tamara D. Fraizer | 50 California Street, 22nd Floor |
| 620 Hansen Way | San Francisco, CA 94111 |
| Palo Alto, CA 94304 | Tel: (415) 875-6600 |
| Tel: (650) 856-6500 | |
| | Victoria F. Maroulis |
| Jeremy W. Dutra | Yury Kapgan |
| Christopher W. Adams | Mark Tung |
| 2550 M Street, NW | 555 Twin Dolphin Drive, 5th Floor |
| Washington, DC 20037 | Redwood Shores, CA 94065 |
| Tel: (202) 457-6000 | Tel: (650) 801-5000 |
| Steven M. Auvil | Michael L. Niu |
| 4900 Key Tower | 51 Madison Avenue, 22nd Floor |
| 127 Public Square | New York, NY 10010 |
| Cleveland, OH 44114 | Tel: (212) 849-7000 |
| Tel: (216) 479-8500 | |
| | Joseph A. Greco |
| *Attorneys for Plaintiff and Counterclaim-Defendant Elekta Limited* | BECK, BISMONTE, & FINLEY LLP |
| | 150 Almaden Boulevard, 10th Floor |
| | San Jose, CA 95113 |
| | Tel: (408) 938-7900 |
| | *Attorneys for Plaintiff and Counterclaimant Varian Medical Systems, Inc.* |

January 3, 2017

7

IT IS SO ORDERED, this 3 day of January 2017.

U.S.D.J.

1241311/ 43078